# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2518 | **DATE** | 10/5/2004 |
| **CASE TITLE** | BRADY, ET AL vs. ALLSTATE LIFE INSURANCE CO. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing re-set for 11/30/2004 at 10:00 A.M...

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Motion (9-1) to dismiss is granted in part and denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |

number of notices

OCT A 6 2004
date docketed

docketing deputy initials

Document Number

14

DW | courtroom deputy's initials

U.S. DISTRICT COURT
CLERK

2004 OCT -5 PM 2: 24

Date/time received in central Clerk's Office

date mailed notice

mailing deputy initials

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DR. TIMOTHY T. BRADY and DR.
MARIANNE D. BRADY,

     Plaintiffs,

        v.

ALLSTATE LIFE INSURANCE
COMPANY f/k/a NORTHBROOK LIFE
INSURANCE COMPANY,

     Defendant.

No. 04 C 2518
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

### Factual Background

In their five-count Complaint, Plaintiffs Dr. Timothy T. Brady and Dr. Marianne D.

Brady have alleged that Defendant Allstate Life Insurance ("Allstate") breached two variable

annuity contracts (Counts I & II), breached its duty of good faith and fair dealing (Count III),

committed the tort of conversion (Count IV), and breached its fiduciary duty (Count V).

All five counts involve two variable annuity contracts that Plaintiffs entered into with

Allstate, then known as Northbrook Life Insurance Company, on July 26, 1995 and March 4,

1997, amounting to a total investment of $363,045. According to Plaintiffs, their primary

motivation for choosing this type of annuity was the flexibility it gave them to move money

between various investment alternatives without restriction or delay. From July 1995 to

December 2002, Allstate effectuated all trades requested by Plaintiffs in a prompt and timely

manner, which, according to Plaintiffs, allowed them to pursue an aggressive and successful

investment strategy. In early December, however, Allstate allegedly changed its policies and

refused Plaintiffs' instructions to transfer monies between the available investment alternatives, explaining to Plaintiffs that it had instituted a cap of $50,000 on the amount of funds that could be transferred in a single day. In addition to the cap, Plaintiffs allege that Allstate instituted two more sets of transfer restrictions. According to Plaintiffs, all of the restrictions imposed by Allstate violate the language of the variable annuity contracts entered into by the parties.

Because the Plaintiffs were allegedly unable to effectuate their investment strategy due to the imposition of these transfer restrictions, they attempted to transfer a majority of their annuity monies to an annuity product outside of Allstate's control. Plaintiffs claim that Allstate failed to comply with this request for over a month, causing an additional decrease in the value of their account.

## Analysis

Allstate now moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Counts III, IV, and V of the Complaint. A motion to dismiss under Rule 12(b)(6) is proper where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss, the court must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all well-pled facts and allegations as true. *Bontkowski v. First Nat'l Bank*, 998 F.2d 459, 461 (7th Cir. 1993).

## A. Count III: Breach of Covenant of Good Faith and Fair Dealing

Allstate argues that Plaintiffs' claim for breach of the covenant of good faith and fair dealing should be dismissed because it is not an independently recognized cause of action. It is well accepted that "under Illinois law, the covenant of good faith and fair dealing has never been

2

an independent source of duties for the parties to a contract." *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1443 (7th Cir. 1992). While Plaintiffs acknowledge this general rule, they argue that an exception exists for cases where the defendant has broad discretion in performance of its duties. *See Northern Trust Co. v. VIII S. Mich. Assoc.*, 657 N.E.2d 1095, 1104 (Ill. App. Ct. 1995).

Assuming that such an exception does exist, it is certainly not applicable to the allegations presented in Plaintiffs' Complaint. In cases where the Illinois courts have allowed allegations for breach of the covenant of good faith and fair dealing, the breaching party was vested with substantive decision making powers. *Northern Trust Co.*, 657 N.E.2d at 1104 (the defendant maintained the exclusive right, under the parties' contract, to approve leases, necessary for the financial support of the project.); *Oil Express Nat'l v. Burgstone*, 958 F. Supp. 366 (N.D. Ill. 1997) (under the parties franchise agreement, defendant was responsible for providing advice on maintenance programs, maintaining and updating the operations manual, and for negotiating, entering into, and maintaining national purchasing agreements for the benefit of the franchisees.)

Here, Allstate is not alleged to have had the power to make any substantive investment decisions on behalf of Plaintiffs. Allstate merely had the obligation to move funds between accounts in accordance with Plaintiffs' wishes. The ability to choose the method by which the funds were transferred does not equate to the type of substantive decision making power necessary to trigger this exception. Accordingly, I find that Plaintiffs' claims for breach of the covenant of good faith and fair dealing should be dismissed.

## B. Count IV: Conversion

Allstate argues that Plaintiffs' conversion claim must fail because it involves a mere debt or obligation to pay money and is not actionable under Illinois law. This is principally because Illinois law severely limits the circumstances under which a plaintiff can maintain an action for conversion of money. *3Com Corp. v. Elec. Recovery Specialists, Inc.,* 104 F. Supp. 2d 932, 939 (N.D. Ill. 2000). Generally speaking, a claim for conversion will not lie for a mere debt or obligation to pay money. *Id; See Also Mijatovich v. Columbia Sav. & Loan Ass'n,* 522 N.E.2d 728, 731 (Ill. App. Ct. 1988); *In re Thebus,* 483 N.E.2d 1258, 1260 (Ill. 1985).

Here the Plaintiffs voluntarily deposited their funds into a variable annuity account with Allstate. This investment of funds, much like a deposit with a bank, created a debtor/creditor relationship between Plaintiffs and Allstate. *Mijatovich,* 522 N.E.2d at 731; *Roderick Dev. Inv. Co., v. Cmty. Bank of Edgewater,* 668 N.E.2d 1129, 1135 (Ill. App. Ct. 1996) (a debtor/creditor relationship exists, for purposes of a conversion claim, where a "a party (creditor) transfers his property voluntarily to another (debtor)."); *See Also Bill Marek's the Competitive Edge, Inc. v. Mickelson Group, Inc.,* 806 N.E.2d 280, 287 (Ill. App. Ct. 2004). Since Allstate had only an obligation to refund the money deposited in Plaintiffs' variable annuity account, a claim for conversion cannot stand in this case. Accordingly, Plaintiffs' conversion claim is dismissed.

## C. Count V: Breach of Fiduciary Duty

Allstate argues that Plaintiffs have failed to state a claim for breach of fiduciary duty under either the Investment Company Act of 1940 ("ICA") or under Illinois common law. Section 36(a) of the ICA creates a cause of action for breach of fiduciary duty involving personal misconduct. 18 U.S.C. 80a-35(a). In *In re Nuveen Fund Litig.,* No. 94 C 360, 1996 U.S. Dist.

LEXIS 8071 at *35 (N.D. Ill. June 11, 1996), the court interpreted personal misconduct to include misconduct of an organization or governing body that pertained to gross neglect of responsibilities and actions that involved self-dealing. *Id.* at *36-37. In reaching this determination, the court cited the House Committee's report, which stated that "the types of misconduct covered by [§ 36(a)]...extend to personal misconduct evidenced by misfeasance or nonfeasance...as well as self-dealing and other examples of unjust enrichment." *Id.* at 37 (quoting H. Rep. 96-1341, 96th Cong., 2d Sess., reprinted in 1980 U.S.C.C.A.N. 4800, 4808 (footnote omitted)).

The alleged imposition of transfer restrictions and failure to effectuate an exchange request are not activities that fall within the meaning of personal misconduct as interpreted by either the *Nuveen* court or the Congressional Committee responsible for amending § 36(a). These actions do not constitute the type of self-dealing and grossly negligent behavior envisioned by § 36(a). Thus, I find that Plaintiffs have not alleged a claim for breach of fiduciary duty under the ICA.

Plaintiffs have, however, sufficiently pled a common law claim for breach of fiduciary duty. In Illinois, brokers and other sellers of securities owe common law fiduciary duties to their customers. *T-Bill Option Club v. Brown & Co. Sec. Corp.*, 1994 U.S. App. LEXIS 11976 (7th Cir., 1994) (citing *Martin v. Heinold Commodities,* 510 N.E.2d 840, 844 (Ill. 1987). But, those fiduciary duties are "limited to actions occurring within the scope of his agency." *T-Bill Option Club,* 1994 U.S. App. LEXIS 11976 at *12 (quoting *Martin,* 510 N.E.2d 840 at 845 (Ill. 1987). The scope of the duty owed by the provider of a nondiscretionary account, such as Allstate, is an exceedingly narrow, "consisting at most of a duty to properly carry out transactions ordered by

the customer." *T-Bill Option Club*, 1994 U.S. App. LEXIS 11976 at *12 (quoting *Index Futures Group, Inc. v. Ross*, 557 N.E.2d 344, 348 (Ill. App. Ct. 1990)). Here, Allstate was responsible for transferring funds between available investment alternatives and had a duty to do so in accordance with the Plaintiffs' orders. Since the Plaintiffs have alleged that Allstate failed to carry out these duties, I find that Plaintiffs have sufficiently alleged a claim for breach of fiduciary duty under Illinois common law.

Allstate's Motion to Dismiss is GRANTED as to Plaintiffs' claims for breach of covenant of good faith and fair dealing, conversion, and breach of fiduciary duty under the ICA and is DENIED as to Plaintiffs' claim for breach of fiduciary duty under Illinois common law.

ENTER:

James B. Zagel
United States District Judge

DATE: OCT 0 5 2004